The State v. The Judge of the Court of Probates of St. Tammany.

----

THE STATE *v.* THE JUDGE OF THE COURT OF PROBATES OF ST. TAMMANY.

A second *fi. fa.* cannot be issued on a judgment, until the first is returned.

APPLICATION for a mandamus to the Judge of the Court of Probates of St. Tammany, *Briggs*, J.

*A. Hennen*, for the applicant.

*Penn*, contra.

SIMON, J. An application for a mandamus to the Judge of the Court of Probates of the parish of St. Tammany, has been made by Brumfield, with a view to compel him to issue an execution, to enforce the payment of a judgment heretofore obtained by Brumfield against Ann Mortee, as administratrix of Peter Mortee's estate.

The State v. The Judge of the Court of Probates of St. Tammany.

The judge, in his answer, states, that on the 5th of November, 1841, he issued an *alias fi. fa.* in the above suit, upon the written order of the plaintiff's counsel.    That said execution was enjoined by Thomas J. Mortee, syndic of Ann Mortee, by order of the Court of Probates of the parish of St. Tammany, on the 6th of December, 1841.    That the injunction has never been definitively disposed of, being now pending before the said Court of Probates.

It does not appear that the execution alluded to by the judge in his answer, was ever returned by the sheriff, and we must presume that it is yet in his hands, as being only suspended by the injunction.    Code of Prac. art. 700.    In such a case, it is clear that two executions cannot issue at the same time on one judgment, or issue and be placed in the hands of the sheriff to be acted upon successively (2 La. 66) ; and that a second writ of *fi. fa.* cannot be issued until the first is returned.    3 Mart. N. S. 391.  ·

But even supposing the first execution to have been returned after being stayed by the injunction, this circumstance would not in any manner assist the applicant.    The effect of the injunction is to prohibit, or rather to suspend the seizure and sale of the defendant's property, until otherwise decided by the court.    If the seizure has already been made or levied, the sheriff cannot proceed to the sale of the property.    He must wait until the injunction is disposed of.    In this case, what would be the use of ordering a new execution to issue, if, when put into the hands of the sheriff, it cannot be acted upon ?    It seems to us that the present application has for its object a direct violation of the injunction ; and we are not prepared to say that it should not be respected, however injurious it may be to the party enjoined.

*Rule discharged.*